(R.D. 11301)

RELIANCE INTERCONTINENTAL CORP. *v.* UNITED STATES

Entry Nos. 1013375 and 1016151.

(Decided May 10, 1967)

*James G. McGoldrick* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed above have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

1) That the merchandise covered by the appeals to reappraisement herein, consists of cotton articles from Japan and Hong Kong;

2) That export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise herein;

3) That on or about the dates of exportation herein such or similar merchandise was freely sold or in the absence of sales, offered for sale, in the principal markets therefor of Japan or of Hong Kong, whichever is applicable, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the appraised values less the amounts indicated on the commercial invoices to have been paid as buying commission;

4) That such appraised values less the amounts invoiced as buying commission are the export values as defined in section 402(b) of the Tariff Act of 1930, as amended and as modified, of the merchandise covered by the appeal or appeals for reappraisement herein.

IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, that these appeals for reappraisement may be submitted on the foregoing stipulation, and on the invoice, entry and other official papers relating to the entry and appraisement of the merchandise covered by these appeals.

Upon the agreed facts, I find export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such values are the appraised values, less the amounts indicated on the commercial invoices to have been paid as buying commission.

Judgment will be entered accordingly.